IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megiana Gjini,                            :
                        Petitioner        :
                                          :
            v.                            : No.  533 C.D. 2022
                                          : Submitted:  April 6, 2023
Unemployment Compensation                 :
Board of Review,                          :
                        Respondent        :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  October 10, 2023


        Megiana Gjini (Claimant) petitions for review of the Unemployment Compensation Board of Review's (Board) order mailed April 25, 2022, which affirmed the Unemployment Compensation Referee's (Referee) decision insofar as it granted Pandemic Unemployment Assistance (PUA) for the weeks ending March 28, 2020, through April 4, 2020, but denied PUA beginning with the week ending April 11, 2020.[1]  After review, we affirm.

---

[1] This appeal stems from the Board's decision in Board Appeal Number 2021001695-BR.  We address this matter separately from Claimant's related appeals.  By order dated July 29, 2022, this Court denied the Board's Application for Relief in the Form of a Motion for Consolidation of Cases and ordered this appeal proceed seriately with the petitions for review filed at 531 C.D. **(Footnote continued on next page…)**

Claimant worked for Grip Flex Corporation (Employer) from 2018 through mid-March 2020, when Employer closed due to the COVID-19 pandemic. Certified Record (C.R.) at 182. On April 2, 2020, Claimant filed an application for unemployment compensation (UC) benefits, effective March 22, 2020. *Id*. On April 6, 2020, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department) issued a determination holding Claimant was financially ineligible for UC benefits. *Id*. Because of this determination, on May 15, 2020, Claimant applied for PUA benefits. *Id*. On June 9, 2020, the Department issued a determination holding Claimant financially eligible for UC benefits effective April 4, 2020. *Id*. On December 15, 2020, the Department paid Claimant's UC benefits for the weeks ending April 11 through October 24, 2020. *Id*.

Meanwhile, Claimant returned to work in late July 2020, and advised Employer she was traveling to Albania on July 29, 2020. *Id*. In September 2021, the Board held Claimant was ineligible for UC benefits beginning with the week ending August 1, 2020. *Id*. at 183.

The Department issued its Pandemic Unemployment Disqualifying Determination to Claimant on November 25, 2020, indicating Claimant was not eligible for PUA benefits under Section 2102(a)(3) of the Coronavirus Aid, Relief,

---

2022, related to Claimant's Pandemic Unemployment Assistance benefits, and 532 C.D. 2022, related to Claimant's Federal Pandemic Unemployment Compensation benefits. Order 7/29/22. Thus, we address each of these appeals in separate memorandum opinions and orders. *See Gjini v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 531 C.D. 2022, filed Oct. 10, 2023); *Gjini v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 532 C.D. 2022, filed Oct. 10, 2023).

and Economic Security Act of 2020 (CARES Act)[2,3] due to her eligibility for UC benefits. *Id.* at 119. Claimant appealed to the Board.

On April 25, 2022, the Board mailed its decision granting Claimant PUA for the weeks ending March 28 through April 4, 2020, but denying PUA beginning with the week ending April 11, 2020. *Id.* at 183. According to the Board, Claimant applied for and received UC benefits from April 11, 2020, through October 24, 2020, which made her ineligible for PUA benefits during that period. *Id.* Therefore, the Board affirmed the Referee's order. *Id.*

Claimant filed a Petition for Review (Petition) in this Court. This Court reviews UC orders for violations of a claimant's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa. C.S. § 704. The Board is the fact-finder in these cases and is entitled to assess witness credibility and weight of the evidence. *Hubbard v. Unemployment Comp. Bd. of Rev.*, 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021) (citation omitted).

Initially, we must address the Board's assertion that Claimant has waived any challenge to the Board's decision in this appeal. We note that absent a showing of due cause, it is beyond our Court's scope of review to address questions, other than the validity of a statute, not raised before the Board. 2 Pa. C.S. § 703(a). A claimant may not raise on appeal any other question not before the Board. *Id.* Additionally, under Pa. R.A.P. 2119, when a claimant fails to develop an issue in the argument

---

[2] The CARES Act provides for PUA to be provided to any "covered individual" while such individual is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(b). A "covered individual" is an individual who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. § 9021(a)(3)(A)(i).

[3] 15 U.S.C. §§ 9001-9141.

section of his or her brief, a reviewing court may consider the issue waived. *In re: Condemnation by the Commonwealth of Pa., Dep't of Transp. of Right-of-Way for State Route 0079*, 76 A.3d 101, 106 (Pa. Cmwlth. 2013).

Here, in Claimant's Petition, Claimant alleges the Board abused its discretion and erred as a matter of law. In her Objections to the Determination section of her Petition, Claimant asserts she testified credibly she was traveling to Albania because she had a sick relative there, she could not work from home because she lacked childcare due to the COVID-19 pandemic, she never received the Board's September 17, 2021 order and thus had no notice upon which to file an appeal, and the Board's reasons for discrediting Claimant's travel to Albania were arbitrary, capricious, and against the weight of the evidence. Petition ¶ 8(a)-(d). Notably, none of these objections are relevant to this appeal because the Board did not indicate any findings related to these objections in its decision. The sole issue before the Board was Claimant's eligibility for PUA benefits.

Further, in Claimant's brief to this Court, Claimant does not address any of her Petition's asserted objections. Rather, Claimant focuses solely on overpayment and argues "any overpayment of PUA, FPUA benefits 1) was not her fault and 2) a finding of liability would be contrary to equity and good conscience under the circumstances presented here." Claimant's Br. at 9. The issue of overpayment was not before the Board or addressed by the Board in this appeal.

Consequently, we agree with the Board that Claimant has failed to properly preserve any challenge to the Board's decision regarding her ineligibility for PUA benefits during the period she received UC benefits. Because none of the claims Claimant raised in her Petition or Brief were before the Board or addressed by the

4

Board, these issues are beyond our scope of review. Accordingly, the Board's order is affirmed.


_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megiana Gjini,
     Petitioner

   v.

Unemployment Compensation
Board of Review,
     Respondent

     :
     :
     :
     : No. 533 C.D. 2022
     :
     :
     :
     :

# **O R D E R**

  **AND NOW**, this 10th day of October 2023, the Unemployment Compensation Board of Review's April 25, 2022 order is **AFFIRMED**.

         _____
         STACY WALLACE, Judge